FILED

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2016 SEP 29  P 4: 47

| | |
|---|---|
| Michael Zaletel, d/b/a i4software,<br><br>Plaintiff,<br><br>v.<br><br>Prisma Labs, Inc.,<br><br>Defendant. | Case No. 1:16cv1230<br><br>TSE/TCB |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff alleges the following causes of action against Defendant:

### INTRODUCTION

1. Plaintiff Michael Zaletel, d/b/a i4software, ("Zaletel") brings this action against Defendant Prisma Labs, Inc. ("Prisma Labs") for Trademark Infringement and Unfair Competition under 15 U.S.C. §§ 1114(a) and 1125(a), respectively.

2. Plaintiff Zaletel is the owner of the federally registered trademark PRIZMIA®, which he uses to advertise, promote, and sell his PRIZMIA® App for use on Apple iPhones and other Apple iOS devices. The PRIZMIA® App is downloadable software for editing and filtering photographs that includes 90 unique filters that transform photographs into images having particular artistic styles selected by users of the App. For example, the PRIZMIA® Toon filter converts a photograph into an image that appears to be the product of animation.

3. The U.S. Patent & Trademark Office registered PRIZMIA® on February 3, 2015, for goods and services including "downloadable software for use with mobile electronic devices for the purpose of photo and video capturing and editing" and "downloadable software in the nature of a mobile application for photo capturing and editing."

4. On June 11, 2016, Defendant Prisma Labs began distributing its PRISMA App for use on Apple iPhones and Android smart phones. Like the PRIZMIA® App, the PRISMA App utilizes photographic filters to transform photographs into images that appear to be works of art of particular styles. According to Prisma Labs' CEO, Alexey Moiseenkov, in the short time since the PRISMA App was released, customers have downloaded the App sixty million times.

5. Plaintiff Zaletel alleges that Defendant's PRISMA App infringes Plaintiff's federally registered trademark PRIZMIA® in violation of 15 U.S.C. § 1114(a) because the infringing mark is used on a nearly identical product, a photo filtering app, and because the infringing mark PRISMA is so similar in sound, sight, and meaning to Plaintiff's registered trademark PRIZMIA®, that it is "likely to cause confusion, or to cause mistake, or to deceive."

6. Plaintiff Zaletel further alleges that Defendant's advertising, promotion and distribution of the PRISMA App constitutes Unfair Competition in violation of 15 U.S.C. § 1125(a) because use of the mark PRISMA in connection with Defendant's photo editing App is a false designation of origin, or false or misleading representation of fact, that is likely to cause confusion, mistake, or deception as to a connection or association between Prisma Labs and Plaintiff, the creator and distributor of the PRIZMIA® App.

## THE PARTIES

7. Plaintiff Michael Zaletel is a natural person and citizen of Raleigh, North Carolina. His address is 708 Fallon Grove Way, Raleigh, North Carolina 27608. Zaletel is the owner and proprietor of i4software, a sole proprietorship that develops, markets, and sells smart phone Apps for use on Apple iPhones and other Apple iOS devices, including the PRIZMIA® App.

8. Defendant Prisma Labs, Inc. is a Delaware corporation with a registered agent for service of process at VCorp Services, LLC, 1013 Centre Road, Suite 403-B, Wilmington, Delaware 19805. On information and belief, Defendant Prisma Labs has its headquarters in Moscow, Russia.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.*

10. This Court has personal jurisdiction over Defendant Prisma Labs because Defendant has engaged in substantial activities in the State of Virginia that have given rise to the allegations in the Complaint, causing damage to Plaintiff in the State of Virginia. Defendant has purposefully availed itself of the privilege of conducting activities in the State of Virginia by using the internet to make available for download by, and delivering to, Virginia residents its PRISMA App for Apple iPhones and Android smart phones. According to Prisma Labs CEO Alexey Moiseenkov, customers have downloaded the PRISMA App sixty million times. TechCrunch magazine reports that, as of July 19, the PRISMA App was the number 10 App in the US overall, and the number 3 photo and video app. On information and belief, Defendant has distributed the PRISMA App to many customers in the State of Virginia, causing damage to Zaletel in the State of Virginia and giving rise to Plaintiff's federal claims for Trademark Infringement and Unfair Competition under 15 U.S.C. §§ 1114(a) and 1125(a), respectively. Personal jurisdiction over Prisma Labs is therefore proper under Virginia Code § 8.01-328.1(A)(4) and the *Due Process Clause of the Fourteenth Amendment.*

## FACTS COMMON TO ALL COUNTS

### A. Plaintiff's Trademark Registration

11. Plaintiff Michael Zaletel is an independent software developer based in North Carolina who has developed, marketed, and sold dozens of smart phone Apps that are sold for use on Apple iPhones and other Apple iOS devices. Zaletel has sold millions of dollars' worth of these Apps through his sole proprietorship, i4software, which has a website at www.i4software.com.

12. In 2014, Plaintiff Zaletel completed development of the PRIZMIA® App for photo and video editing and filtering on iPhones. The PRIZMIA® App includes 90 photographic filters that transform photographic images into images having specific artistic styles selected by App users. For example, the PRIZMIA® Toon filter converts a photograph into a derivative image that appears to be the product of an artist's animation.

13. On June 10, 2014, Plaintiff Zaletel adopted the mark PRIZMIA® and first used the mark in interstate commerce for its PRIZMIA® photo and video App. On July 2, 2014, Zaletel filed an application for registration of the mark PRIZMIA® in the United States Patent and Trademark Office. On February 3, 2015, the mark PRIZMIA®, Reg. No. 4,683,035, was registered in the United States Patent and Trademark on the Principal Register, covering the use of the mark on "downloadable software for use with mobile electronic devices for the purpose of photo and video capturing and editing; downloadable software in the nature of a mobile application for photo and video capturing and editing, In Class 9." (A copy of the registration is attached hereto and marked as Exhibit A.)

14. Plaintiff Zaletel has invested a substantial amount of money in costs associated with the development, marketing, and sales of the PRIZMIA® App. These costs include

investments in software designers, a promotional video, promotional agreements with third-parties, and development of a website, www.prizmia.com, which highlights and promotes the features of the Prizmia® App. The following is from Zaletel's website:



15. Since the date of his Trademark Registration, Plaintiff Zaletel has continuously used the mark PRIZMIA® in commerce to identify its photo editing and filtering App and to distinguish it from Apps made and/or sold by others, by, among other things, prominently displaying the mark PRIZMIA® on the icon for the PRIZMIA® App when sold for use on Apple iPhones and other Apple iOS devices. In addition, the mark PRIZMIA® is prominently and repeatedly displayed on the website www.prizmia.com, which promotes sales of the PRIZMIA® App.

### B.  Defendant's Prisma App

16. More than two years after Plaintiff began using PRIZMIA® as the trademark for its photo editing and filtering App, Defendant Prisma Labs began using PRISMA as the mark for its nearly identical photo and filtering App.

5

17. On information and belief, Defendant Prisma Labs conducts business from headquarters in Moscow, Russia, and developed its PRISMA App at its facilities there under the supervision of its CEO Alexey Moiseenkov.

18. On June 8, 2016, Defendant Prisma Labs filed articles of incorporation in the State of Delaware, listing as its registered agent VCorp Services, LLC, in Wilmington, Delaware. Prisma Labs' Delaware corporate filing does not identify an actual place of business for the company in in the United States.

19. On information and belief, on or about June 11, 2016, Prisma Labs released its PRISMA App for downloading to Apple iPhones and Android smart phones. Like the PRIZMIA® App, the PRISMA App is a photo editing and filtering App that transforms photographs into images that appear to be works of art in a style selected by the user of the App.



Prisma transforms photos into various styles of artwork.

20. Defendant Prisma Labs has extensively promoted the PRISMA App by (a) featuring the App on its website www.prisma-ai.com; (b) cooperating in numerous press articles about the App that feature interviews with Prisma Labs CEO Alexey Moiseenkov; and (c) using a visible PRISMA watermark that is superimposed on images made with the PRISMA App,

6

which are then forwarded or shared with others who are thereby encouraged to use the PRISMA App. The prisma-ai.com website reproduces excerpts from articles about the PRISMA App that were published in the New York Times, USA Today, The Verge, TC, The Next Web, Bloomberg, The Guardian, and Mashable.

21. Defendant Prisma Labs CEO Moiseenkov states on his LinkedIn profile page that the PRISMA App has been downloaded by customers sixty million times since its introduction in June. Significantly, Prisma Labs does not charge customers for the PRISMA App but instead distributes it free of charge.

22. On August 12, 2016, Defendant Prisma Labs filed its own trademark application with the United States Patent and Trademark Office, seeking to register PRISMA as a trademark for use on "downloadable mobile applications for editing digital photos and creating special effects of digital photos and images," in International Class 9. The product description for the PRISMA mark is virtually the same as for Plaintiff's registered trademark PRIZMIA®.

### C. Likelihood of Confusion

23. Defendant's use of the mark PRISMA is likely to cause confusion, mistake or, deception in the marketplace because (a) PRISMA is highly similar in sound, sight, and meaning to Plaintiff's registered trademark PRISMIA®; (b) Defendant uses the mark PRISMA on a photo editing and filtering App that is highly similar to, and competes directly with Plaintiff's PRISMIA® App; and (c) Defendant is selling the infringing PRISMA App through the same channels of trade as Plaintiff's PRISMIA® App, to users of Apple iPhones and other Apple iOS devices. Defendant's use of the PRISMA mark for its Android App will further cause confusion when Zaletel expands availability of the PRIZMIA® App to Android smart phones.

24. Defendant Prisma Labs' unauthorized promotion and use of the PRISMA App, and Defendant's free distribution of the PRISMA App in direct competition with Plaintiff's PRIZMIA® App, is likely to cause customers to be confused into thinking that the products offered by Defendant Prisma Labs and by Plaintiff Zaletel come from the same source.

25. Defendant Prisma Labs' advertising and promotion of the PRISMA App has so swamped Plaintiff Zaletel's reputation in the market that customers are likely to be confused into thinking that Plaintiff Zaletel's PRIZMIA® goods are those of Prisma Labs, or alternatively, that the PRIZMIA® App is a later knockoff of the PRISMA App when the opposite is true.

26. As a result of Defendant Prisma Labs' unauthorized use of the its confusingly similar mark for a photo editing App, Plaintiff is threatened with the loss of the value of its PRIZMIA® trademark, loss of control over its goodwill and reputation, and loss of its ability to move into new markets.

27. On August 31, 2016, Plaintiff notified Defendant by letter of its infringement and demanded that Defendant cease and desist its infringement of Plaintiff' registered trademark. Defendant has continued its infringement despite receiving Plaintiff's notice and demand.

### COUNT ONE
### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.S. § 1114(a))

27. Plaintiff Zaletel repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

28. Zaletel's federally registered PRIZMIA® trademark, and the goodwill of the business associated with the mark in the United States, are of great and incalculable value.

29. Defendant Prisma Labs has infringed Plaintiff's mark in violation of 15 U.S.C. § 1114(a), by infringing acts including: (a) using the mark PRISMA as a source indicator for the

PRISMA App for iPhones, other Apple iOS devices and Android smart phones; (b) using the mark PRISMA to promote the use of the PRISMA App by superimposing watermarks on images generated by the PRISMA App; (c) using the mark PRISMA to promote the use of the PRISMA App on the website www.prisma-ai.com; and (d) referencing the mark PRISMA in press interviews to promote further use, downloading, and awareness of the PRISMA App.

30.  Defendant Prisma Labs' infringing acts are likely to cause confusion, mistake, and deception as to the affiliation, connection, or association between Plaintiff Zaletel and the Defendant; and as to the origin, sponsorship, or approval of Defendant's PRISMA App and/or Plaintiff's PRIZMIA® App, all to the damage and detriment of Plaintiff Zaletel and its reputation, goodwill, and sales.

31.  Plaintiff Zaletel has no adequate remedy at law. If Defendant Prisma Labs is not enjoined, Plaintiff Zaletel will suffer immediate and continuing irreparable harm and injury to its reputation and goodwill associated with the PRIZMIA® trademark.

**COUNT TWO**
**UNFAIR COMPETITION – FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

32.  Plaintiff Zaletel repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

33.  Defendant Prisma Labs has engaged in Unfair Competition in violation of Plaintiff Zaletel's rights under 15 U.S.C. § 1125(a) by using words, names, false designations of origin, and false or misleading representations of fact, which are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between Defendant and Plaintiff Zaletel, including: (a) using the mark PRISMA as a source indicator for the PRISMA App for iPhones, other Apple iOS devices and Android smart phones when the mark is

confusingly similar to Plaintiff's federally registered trademark PRIZMIA®; (b) using the mark PRISMA to promote the use of the PRISMA App by superimposing watermarks on images generated by the PRISMA App when the mark is confusingly similar to Plaintiff's federally registered trademark PRIZMIA®; (c) using the mark PRISMA to promote the use of the PRISMA App on the website www.prisma-ai.com when the mark is confusingly similar to Plaintiff's federally registered trademark PRIZMIA®, and (d) referencing the mark PRISMA in press interviews to promote further use, downloading, and awareness of the PRISMA App when the mark is confusingly similar to Plaintiff's federally registered trademark PRIZMIA®.

34. Defendant's uses of the mark PRISMA for its photo editing and filtering App are likely to cause confusion or mistake, or to deceive customers into believing that there is an affiliation, connection, or association between Defendant and Plaintiff, when there is none, or alternatively, that the PRIZMIA® App is a later knockoff of the PRISMA App when the opposite is true.

35. Plaintiff Zaletel has no adequate remedy at law. If Defendant Prisma Labs' activities are not enjoined, Plaintiff Zaletel will suffer immediate and continuing irreparable harm and injury to its reputation and goodwill associated with the PRIZMIA® trademark.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant Prisma Labs as follows:

A. An order preliminarily and permanently enjoining Defendant from infringing Plaintiff Zaletel's PRIZMIA® trademark; from making any false, misleading, or deceptive statements in association with Defendant's distribution of a photo editing and filtering App that suggest or imply a connection or affiliation between Plaintiff and Defendant; and from promoting, marketing, or selling any photo editing and filtering App with the mark PRISMA.

B.  An order requiring Defendant to: (1) remove the PRISMA mark from the PRISMA App as distributed for use on iPhones, other Apple iOS devices and Android smart phones, (2) remove from the internet all photographs stamped with the PRISMA watermark, and (3) distribute software updates to current users removing the PRISMA name from the App.

C.  An order under 15 U.S.C. § 1117(a), compelling Defendant to pay all damages caused by its infringement of Plaintiff's federally registered PRIZMIA® trademark, including Defendant's profits, damages sustained by Plaintiff, and the costs of this action.

D.  An order under 15 U.S.C. § 1117(a), compelling Defendant to pay Plaintiff Zaletel's attorney fees in this action.

E.  An order requiring Defendant to pay Zaletel interest and prejudgment interest.

F.  Such other and further relief as the Court may deem just.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Date: September 29, 2016

Respectfully submitted,

*/s/ R. Scott Caulkins*

R. Scott Caulkins, Esq., VSB No. 23584
CAULKINS & BRUCE, PC
2300 Wilson Blvd., Suite 240
Arlington, VA 22201
Telephone: (703) 558-3664
Facsimile: (703) 525-1331
scaulkins@caulkinsbruce.com

*Pro Hac Vice to be filed:*

J. Derek Vandenburgh (MN Atty. No. 0224145)
Matthew J. Goggin (MN Atty. No. 0210705)
CARLSON, CASPERS, VANDENBURGH,
LINDQUIST & SCHUMAN, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, Minnesota 55402
Tel: (612) 436-9600
Fax: (612) 436-9605
dvandenburgh@carlsoncaspers.com
mgoggin@carlsoncaspers.com

*Counsel for Zaletel*